Sophia M. Rios, CSB #305801
Email: srios@bm.net
BERGER MONTAGUE PC
8241 La Mesa Blvd., Suite A
La Mesa, California 91942
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PAULA SPARKMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMERICA BANK, a foreign corporation, and CONDUENT STATE & LOCAL SOLUTIONS, INC., a foreign corporation,<br><br>Defendants. | NO. 4:23-cv-02028-DMR<br><br>**[PROPOSED] ORDER (AS MODIFIED) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>The Honorable Donna M. Ryu<br><br>CLASS ACTION |

THIS MATTER came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has reviewed the Parties' Settlement Agreement and Release and Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

1.  The Court has considered the proposed settlement of the claims asserted by a proposed Settlement Class defined as follows:

    All persons issued a California Way2Go Card Prepaid Mastercard (1) who notified Conduent that one or more charges on their Way2Go account were unauthorized; (2) for whom Conduent's records do not reflect indicia of first-party fraud or a dispute over the quality of a good or service; and

[PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1
Case No. 4:23-cv-02028-DMR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(3) who were denied reimbursement with a denial letter identified in Defendants' systems by the letter code FRD7-GO-Deny-Conflicting Info or FRD7 Deny-Conflicting Info dated on or before December 10, 2024.

The Settlement Class Members accounts are identified on Exhibit C to the Settlement Agreement.

2.  For purposes of the settlement only, the Court finds the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

3.  Rule 23(a)(1): numerosity. The Settlement Class has over 5,700 members, which satisfies the numerosity requirement. *See* Fed. R. Civ. P. 23(a)(1) (a class must be "so numerous that joinder of all members is impracticable"); *Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 548-49 (N.D. Cal. 2007) (numerosity is generally satisfied when a class has at least 40 members).

4.  Rule 23(a)(2): commonality. The Settlement Class satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). All Settlement Class Members' claims depend on the same contention: that Defendants denied their claims of unauthorized transactions on their Way2Go accounts because Defendants could not "confirm fraud occurred" after a cursory investigation found "conflicting information." The truth of this contention turns on common evidence and could be fairly resolved for all class members at once. *See Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-cv-00191, 2023 WL 6120685, at *5 (S.D. Cal. Sept. 18, 2023) ("Where common questions stem from the same source, or focus on the defendant's conduct, commonality is generally satisfied." (citing, *e.g.*, *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1124 n.3 (9th Cir. 2017))).

5.  Rule 23(a)(3): typicality. The Settlement Class satisfies the typicality requirement because "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Ms. Sparkman's claims and Settlement Class Members' claims arise from the same course of alleged conduct by Defendants and are based on the same

[PROPOSED] ORDER (AS MODIFIED) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

legal theories. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (typicality exists when the class representative and the class are injured by the same course of conduct).

6. Rule 23(a)(4): adequacy. The Settlement Class satisfies the adequacy requirement because Ms. Sparkman and her counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Ms. Sparkman has no interests that are antagonistic to or conflict with Settlement Class Members' interests and she has demonstrated her commitment to the Settlement Class through her participation in this litigation. Ms. Sparkman has also retained counsel with substantial experience in litigating consumer class actions who have been appointed to serve as class counsel in similar cases.

7. Rule 23(b)(3): predominance. Predominance is satisfied when "the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted). "[M]ore important questions apt to drive the resolution of the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance to the claims of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). The central issues of Defendants' liability are common to Settlement Class Members and predominate over any individual issues. Ms. Sparkman's claims all turn on the adequacy of Defendants' standardized procedures for investigating claims of unauthorized transactions, and this issue would be resolved with predominantly common evidence of Defendants' conduct. *See Nelipa v. TD Bank*, 2024 WL 3017141, at *19-22 (E.D.N.Y. June 17, 2024); *see also Owino v. CoreCivic, Inc.*, 60 F.4th 437, 445 (9th Cir. 2022) ("In other words, the question is appropriate for class-wide resolution because either CoreCivic's 'company-wide policies and practices violated the law and the rights of the class members, or they didn't.").

8. Rule 23(b)(3): superiority. The superiority requirement is satisfied because class-wide resolution "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts do not consider manageability in the settlement

[PROPOSED] ORDER (AS MODIFIED) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  context. *Cottle v. Plaid Inc.*, 340 F.R.D. 356, 370 (N.D. Cal. 2021). The remaining factors
2  support certification. Concentrating the litigation in this District is appropriate, since Settlement
3  Class members are recipients of California child support who reported unauthorized transactions
4  on their California Way2Go cards. The Parties are not aware of other litigation against
5  Defendants asserting the same claims. And Settlement Class Members are unlikely to have the
6  necessary resources to bring individual claims against Defendants.

7        9.      The Court appoints Paula Sparkman as Class Representative and appoints Terrell
8  Marshall Law Group PLLC, Berger Montague PC, and Schlanger Law Group LLP to serve as
9  Class Counsel.

10       10.     The Settlement Agreement and Release appears, upon preliminary review, to be
11 fair, reasonable, and adequate, and within the reasonable range of possible final approval. In
12 reaching this conclusion, the Court has considered the factors set forth in Rule 23(e)(2), the
13 *Churchill* factors outlined by the Ninth Circuit, and the District's Procedural Guidance for Class
14 Action Settlements.

15       11.     If the Settlement Agreement is not finally approved, is not upheld on appeal, or is
16 otherwise terminated for any reason before Final Approval, then the Settlement Agreement and
17 all negotiations, proceedings, and documents prepared, and statements made in connection
18 therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an
19 admission or confession by any Party of any fact, matter, or proposition of law; and all Parties
20 shall stand in the same procedural position as if the Settlement Agreement had not been
21 negotiated, made, or filed with the Court.

22       12.     The Court appoints American Legal Claim Services, LLC, as Settlement
23 Administrator.

24       13.     The Court will hold a Final Approval Hearing at <u>1:00 p.m.</u> on
25 <u>December 11</u>, 2025 at the Oakland Courthouse for the United States District Court for the
26 Northern District of California, 1301 Clay Street, Oakland, California 94612 for the following
27 purposes:

[PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      a.    To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

c. To consider the application of Class Counsel for an award of attorney's fees, costs, and expenses, and for a service award to the Class Representative; and

d. To rule upon other such matters as the Court may deem appropriate.

<u>The courtroom for the final approval hearing will be identified one week in advance of the hearing.</u>

14. The Court approves the Notice Plan, the Settlement Notices, and the Settlement Website as filed at Docket Nos. 127-1, 127-3, and 129-1. To the extent that the Parties or Settlement Administrator determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Classes, they may make those changes without further application to the Court. The Court finds the Notice Plan fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15. The Settlement Administrator shall send the Settlement Notices to Settlement Class Members in accordance with the Notice Plan no later than 30 days after entry of this Order.

16. If a class member chooses to opt out of the Settlement Class, the class member is required to submit an Opt-Out request to the Settlement Administrator stating that they do not want to be a class member. The Opt-Out request must include the name and address of the individual opting out and be postmarked on or before the Opt-Out Deadline specified in the Notice, which shall be 60 days after the Settlement Notice Date. A class member who submits a valid and timely Opt-Out request shall be excluded from the Settlement Class for any and all purposes. A Settlement Class Member who does not file a timely and valid Opt-Out request shall

[~~PROPOSED~~] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
Case No. 4:23-cv-02028-DMR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

be bound by all subsequent proceedings, orders, and judgments in this action pertaining to the Settlement Class.

17. Any Settlement Class Member who desires to object to the fairness of this Settlement should file a written objection with the Court by the Objection Deadline, which shall be 60 days after the Settlement Notice Date. The written objection must provide the objector's name, address, and telephone number, and the reasons for the objection. Objectors shall be bound by the terms of this Settlement and the orders and judgments of this Court.

18. Any Settlement Class Member who objects to Settlement may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with the Court no later than ten days before the Final Approval Hearing.

19. Class Counsel shall file their motion for attorneys' fees and expenses and for a service award for the Class Representative no later than 30 days after the Settlement Notice Date.

20. Class Counsel shall file a motion for final approval of the settlement and response to any objections no later than 14 days before the Final Approval Hearing.

21. Neither this Preliminary Approval Order nor the Settlement Agreement shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendants or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendants.

22. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement. All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement. Pending final

[PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 determination of whether the settlement should be approved, the Class Representative, all
2 Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement
3 Class Members, directly, representatively, or in any other capacity, are preliminarily enjoined
4 from commencing or prosecuting against the Released Parties any action or proceeding in any
5 court or tribunal asserting any of the Released Claims. This injunction shall not apply to
6 individual claims of any Settlement Class Members who timely exclude themselves in a manner
7 that complies with this Order. This injunction is necessary to protect and effectuate the
8 settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and
9 to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to
10 protect its judgments pursuant to 28 U.S.C. § 1651(a).

11    Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Unopposed Motion for
12 Preliminary Approval of Class Action Settlement is GRANTED.

14    IT IS SO ORDERED.

15    Dated: August 12, 2025

16    _____
      DONNA M. RYU
      Chief Magistrate Judge

[PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
Case No. 4:23-cv-02028-DMR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com