Sophia M. Rios, CSB #305801
Email: srios@bm.net
BERGER MONTAGUE PC
8241 La Mesa Blvd., Suite A
La Mesa, California 91942
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

[Additional Counsel Appear on Signature Page]

*Class Counsel*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

PAULA SPARKMAN, on behalf of herself and
all others similarly situated,

                Plaintiff,

    v.

COMERICA BANK, a foreign corporation, and
CONDUENT STATE & LOCAL SOLUTIONS,
INC., a foreign corporation,

                Defendants.

NO. 4:23-cv-02028-DMR

**CORRECTED [PROPOSED] ORDER (AS MODIFIED) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES**

The Honorable Donna M. Ryu

CLASS ACTION

THIS MATTER came before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement. Prior to ruling, the Court considered the following:

    1.      Plaintiff's Motion for Final Approval of Class Action Settlement;

    2.      Declaration of Blythe H. Chandler in Support of Plaintiff's Motion for Final Approval of Class Action Settlement;

    3.      Declaration of American Legal Claim Services, LLC Regarding Due Diligence in Noticing;

    4.      Plaintiff's Motion for Attorneys' Fees, Costs and Service Awards;

CORRECTED [PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES
- 1
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      5.      Declaration of Blythe H. Chandler in Support of Plaintiff's Motion for Attorneys'
2  Fees, Costs and Service Awards;

3      6.      Declaration of E. Michelle Drake in Support of Plaintiff's Motion for Attorneys'
4  Fees, Costs and Service Awards;

5      7.      Declaration of Daniel Schlanger in Support of Plaintiff's Motion for Attorneys'
6  Fees, Costs and Service Awards; and

7      8.      Declaration of Paula Sparkman in Support of Plaintiff's Motion for Attorneys'
8  Fees, Costs and Service Awards.

9      Based on the foregoing, the Court finds that:

10      1.      On December 11, 2025, the Court held a Final Approval Hearing. Settlement
11  Class Members were given a full opportunity to participate in the Hearing, and all Settlement
12  Class Members and other persons wishing to be heard have been heard. Accordingly, the Court
13  determines that all Settlement Class Members who did not timely and properly opt out of the
14  settlement are bound by this Order.

15      2.      Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of
16  Civil Procedure has been provided in accordance with the Settlement Agreement and the Court's
17  Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner;
18  constitutes the best notice practicable under the circumstances, including the dissemination of
19  individual notice to all Settlement Class Members; and satisfies Rule 23(e) and due process.

20      3.      Settlement Administrator American Legal Claims Services, LLC ("ALCS")
21  timely served notification of this settlement to the appropriate officials pursuant to the Class
22  Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The terms of the Settlement
23  Agreement are incorporated fully into this Order by reference.

24      4.      The terms of the Settlement Agreement are fair, reasonable, and adequate. In so
25  finding, the Court has considered all evidence presented, including evidence regarding the relief
26  provided by the settlement; the strength of Plaintiff's case; the risk, expense, and delay of
27  continued litigation; the extent of discovery completed and stage of proceedings; the experience

CORRECTED [PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES
- 2
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and views of class counsel; Settlement Class Members' response; the adequacy of Plaintiff's and her counsel's representation; the arm's length negotiations; and the equitable distribution of the Settlement Fund to Settlement Class Members. The Court has also considered the absence of objection to the settlement.

5.      The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

6.      The Court hereby finds the Settlement Awards to be paid to Settlement Class Members under the terms of the settlement to be fair and reasonable in light of all the circumstances. The Court therefore orders the Settlement Awards to be distributed to Settlement Class Members in accordance with the terms of the Settlement Agreement. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

7.      The Court finds that it is in the best interests of the parties and the Settlement Class and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party that relates in any way to the applicability or scope of the Settlement Agreement or this Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

8.      **Class Certification.** This action is a class action against Defendants on behalf of a class of persons defined as follows (the "Settlement Class"):

> All persons issued a California Way2Go Card Prepaid Mastercard (1) who notified Conduent that one or more charges on their Way2Go account were unauthorized; (2) for whom Conduent's records do not reflect indicia of first-party fraud or a dispute over the quality of a good or service; and (3) who were denied reimbursement with a denial letter identified in Defendants' systems by the letter code FRD7-GO-Deny-Conflicting Info or FRD7 Deny-Conflicting Info dated on or before December 10, 2024.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The Settlement Class Members accounts are identified on Exhibit C to the Settlement Agreement.

9.     One person, Sajia Ghias, submitted a timely and valid request for exclusion. They are excluded from the Settlement Class and are not bound by this Order or the terms of the Settlement Agreement.

10.     The Settlement Class satisfies the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and is certified, for settlement purposes only, because: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and her counsel will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

11.     Because this settlement was reached prior to class certification, the court must ensure that the settlement is "not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (cleaned up); *see id.* (signs of collusion include (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded";  (2) "a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds"; and (3) "fees not awarded to revert to defendants").   The Court finds that none of the *Bluetooth* factors are present here.

12.     For purposes of settlement, the Court appoints Plaintiff Paula Sparkman as Class Representative.

13.     For purposes of settlement, the Court appoints Terrell Marshall Law Group PLLC, Berger Montague PC, and Schlanger Law Group LLP to serve as Class Counsel.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14. **Settlement Agreement.** The Settlement Agreement is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

15. As agreed by the parties in the Settlement Agreement, upon Final Approval, Plaintiff and Settlement Class Members release, resolve, relinquish, and discharge forever each of the Released Parties from each of the Released Claims as set forth in the Settlement Agreement.

16. Plaintiff, each Settlement Class Member, and each Releasing Party will be deemed to have agreed not to sue any Released Party with respect to any of the Released Claims and to have agreed to be forever barred from doing so.

17. As agreed by the parties in the Settlement Agreement, Defendant Conduent State & Local Solutions, Inc. will revise its form letters so that they no longer list conflicting information as a reason for denying California Way2Go cardholder unauthorized transaction disputes and shall retrain its fraud investigators consistent with the revised letters.

18. **Administration**. The Court approves ALCS's costs of $24,936 and authorizes payment of those costs from the Settlement Fund as set forth in the Settlement Agreement.

19. **Attorneys' Fees.** Where Class Counsel's efforts have created a common fund, Courts in the Ninth Circuit have discretion to use either the percentage-of-the-fund method or the lodestar method to award attorneys' fees. *In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539, 570 (9th Cir. 2019). The method a district court chooses to use, and its application of that method, must achieve a reasonable result. *See In re Bluetooth*, 654 F.3d at 942.

20. The percentage-of-the-fund method is an appropriate method for calculating a reasonable attorney's fee where, as here, the benefit to the Settlement Class can be quantified. *In re Bluetooth*, 654 F.3d at 942. In the Ninth Circuit, 25% of the settlement amount is the

CORRECTED [PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES
- 5
Case No. 4:23-cv-02028-DMR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

benchmark for attorneys' fees awarded under the percentage-of-the-fund method. *In re Hyundai*, 926 F.3d at 570.

21.    The Court finds that Class Counsel's request for an award of 25% of the Settlement Fund is reasonable under the percentage-of-the-fund method. Class Counsel's efforts have delivered a quantifiable benefit to the Settlement Class in the form of a $1,956,000 Settlement Fund, providing class-wide recovery equal to 73.58% of Settlement Class Members' actual damages. In light of the excellent result they achieved for the Settlement Class, the risk they assumed of no recovery, the skill and quality of their work, the contingent nature of the fee, and awards in similar cases, a fee equal to 25% of the Settlement Fund is reasonable.

22.    The Court further finds that a lodestar crosscheck supports the reasonableness of Class Counsel's fee. *In re Bluetooth*, 654 F.3d at 944-45. The court calculates the "lodestar figure" by multiplying the number of hours reasonably expended by a reasonable rate. *In re Hyundai*, 926 F.3d at 570. The Court finds that Class Counsel reasonably invested 1233.6 hours in the litigation. Class Counsel's lodestar—calculated at reasonable hourly rates ranging from $950 to $1180 for attorneys with at least twenty years of experience, $725 to $895 for attorneys with at least ten years of experience, $500 to $640 for attorneys with fewer than ten years of experience, and $330-$500 for experienced paralegals—is $833,400. Counsel's fee request of $489,000 represents a 0.59 "negative" multiplier on their lodestar figure, which is a further indication that their requested fee is reasonable. *See, e.g.*, *Wong v. Arlo Techs., Inc.*, No. 5:19-CV-00372-BLF, 2021 WL 1531171, at *11 (N.D. Cal. Apr. 19, 2021).

23.    Class Counsel are awarded $489,000 in attorneys' fees to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24.    **Costs.** The Court finds that Class Counsel's litigation costs are reasonable, necessary and directly related to the work performed on behalf of the Settlement Class. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785 (9th Cir. 2022). Class Counsel are awarded $56,164 in costs to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1    25.    **Service Award.** The Court approves a service award of $10,000 for Class

2    Representative Paula Sparkman, to be paid from the Settlement Fund, in recognition of her

3    efforts on behalf of the Settlement Class, which includes devoting at least 40 hours to this

4    litigation. The Court also gives weight to the fact that Ms. Sparkman was the Class's sole

5    representative and that her award is just 0.51% of the settlement amount. *Staton v. Boeing Co.*,

6    327 F.3d 938, 977 (9th Cir. 2003).

7    26.    **Effect of Order.** Neither this Final Approval Order nor the Settlement

8    Agreement is an admission or concession by Defendants or any of the other Released Parties of

9    any liability or wrongdoing of any kind in connection with the claims alleged in this Action. This

10    Final Approval Order and the Settlement Agreement do not constitute an admission by

11    Defendants of the truth of any factual allegations in this Action, that all Settlement Class

12    Members have standing to assert a claim under the UCL, or that all California Way2Go

13    cardholders have standing to assert a claim under the UCL. Neither this Final Approval Order

14    nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or

15    accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative

16    action or proceeding, other than such proceedings as may be necessary to consummate or enforce

17    this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to

18    establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of

19    claims released in the Settlement Agreement. This Final Approval Order also does not constitute

20    any opinion or position of the Court as to the merits of the claims and defenses related to this

21    Action.

22    27.    Without affecting the finality of this judgment, the Court reserves and retains

23    jurisdiction over this settlement, including the administration and consummation of the

24    settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive

25    jurisdiction over Defendants and each member of the Settlement Class for any suit, action,

26    proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the

27    applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    dispute concerning the Settlement Agreement, including, but not limited to, any suit, action,

2    arbitration, or other proceeding by a Settlement Class Member in which the provisions of the

3    Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of

4    action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out

5    of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest

6    extent possible under applicable law, the parties and all Settlement Class Members are hereby

7    deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or

8    otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that

9    this Court is, in any way, an improper venue or an inconvenient forum.

10        28.    This action is hereby dismissed on the merits, in its entirety, with prejudice and

11    without costs except as provided elsewhere in this order, including without limitation all

12    Released Claims of Settlement Class Members against the Released Parties.

13        29.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

14    that there is no just reason for delay, and directs the Clerk to enter final judgment.

15

16

17        IT IS SO ORDERED.

18    Dated: December 11, 2025    _____

19                                    DONNA M. RYU
                                     Chief Magistrate Judge

20

21

22

23

24

25

26

27

CORRECTED [PROPOSED] ORDER (AS MODIFIED) GRANTING
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES
- 8
Case No. 4:23-cv-02028-DMR